## AUTOMOBILE STRUCK BY CAR COMING UP BEHIND.

Circuit Court of Hamilton County.

MAX HIRSCH v. THE CINCINNATI TRACTION COMPANY.

Decided, November 26, 1910.

*Negligence—Resulting in Collision Between Car and Automobile—Failure to Look Back for Approaching Car is Negligence, When—Error in Arresting Case From Jury.*

It is not, as matter of law, contributory negligence for one while operating an automobile within the limits of a municipal corporation at the rate of fifteen miles an hour, to fail to look for an oncoming street car.

The action was for $400 damages to the plaintiff's automobile. At the time the collision occurred there was a milk wagon traveling in the same direction as the automobile and car and between the auto and the sidewalk. The plaintiff alleged that there was not room for the auto between the track and the milk wagon, and that he was endeavoring to get past the milk wagon in order to turn out for the car to pass when his machine was

struck.    The court below took the case from the jury and gave judgment for the traction company.

*Moulinier, Bettman & Hunt,* for plaintiff in error.
*Geo. H. Warrington,* contra.

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

It is not, as matter of law, contributory negligence for one, while operating an automobile within the corporate limits of the city of Cincinnati at the rate of *fifteen* miles an hour, to fail to look back for an oncoming street car.    He may, in the absence of an ordinance of the city permitting it, assume that the street car will not come at a greater rate of speed.

The contributory negligence as alleged is specific, to-wit:

"Neglect in running said automobile upon defendant's track in front of an approaching car at such a short distance that that said car could not be stopped in time to avoid a collision."

The evidence shows that the automobile had been running on the track for a distance of nearly a half mile; that the gong on the street car was sounded; that the motorman must, therefore, have been aware of the presence of the automobile upon the track, and that the plaintiff heeded the warning by trying to get off the track, but was not given a reasonable time to do so.

Even though the failure to look back was negligence, it ceased to be a direct cause when the motorman became aware of the danger, and did not exercise ordinary care to avoid a collision while the plaintiff was, in response to the warning, endeavoring with due care to get off the track.    The court erred in arresting the case from the jury and rendering judgment for the defendant.

Reversed and cause remanded for a new trial.